IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Nehemiah Boular, | ) | Case No.: 8:25-cv-13520-JD-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| South Carolina Department of | ) | |
| Corrections, Director Joel Anderson, | ) | |
| Evans Correctional Institution | ) | |
| Medical Staff, Evans Correctional | ) | |
| Institution Correctional Officers, | ) | |
| | ) | |
| Defendants. | | |

This matter is before the Court on three Reports and Recommendations ("Reports") issued by United States Magistrate Judge William S. Brown under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).[1] The first Report recommends denying Plaintiff Nehemiah Boular's ("Plaintiff") Motion for Preliminary Injunction (DE 1). (DE 18.) The second Report recommends denying Plaintiff's Motion for Temporary Restraining Order (DE 20). (DE 23.) The third Report recommends dismissing this action without further leave to amend and without issuance and service of process after preservice review of Plaintiff's Amended Complaint. (DE 33.) Plaintiff filed timely objections to the third Report. (DE 35.) He later filed a renewed Motion for Preliminary Injunction (DE 38), a Motion to Compel

---

[1] These recommendations have no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Medical Treatment and for Sanctions (DE 39), and an Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Relief (DE 40).

The Court has reviewed the Reports, Plaintiff's objections, the later motions and declarations, and the entire record. For the reasons that follow, the Court adopts the first and second Reports as to their recommended dispositions, adopts the third Report as modified by this Order, overrules Plaintiff's objections to the extent they seek rejection of the recommended disposition, dismisses the action without prejudice for failure to exhaust available administrative remedies before filing suit, and resolves the later motions as set forth below.

## I.     BACKGROUND

### A.     Allegations and Initial Proceedings

Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is incarcerated at Evans Correctional Institution. He alleges that he injured his left hand on November 12, 2025, and thereafter experienced severe pain, swelling, deformity, numbness, burning sensations, and loss of movement in several fingers. According to Plaintiff, correctional and medical personnel failed to treat the injury as an emergency and delayed diagnostic testing and specialist care despite his repeated requests.

Plaintiff first submitted a request for emergency medical relief, docketed on November 24, 2025, which the Court construed as a Motion for Preliminary Injunction. (DE 1.) Because no complaint had yet been filed and the case was not in proper form, the Magistrate Judge directed Plaintiff to file a complaint, submit the

2

required fee or in forma pauperis materials, and provide service documents. (DE 5.) Plaintiff thereafter submitted a handwritten pleading, which the Clerk docketed as the Complaint. (DE 13.)

The contemporaneous filings described an administrative grievance process that remained ongoing. In the initial motion, dated November 18, 2025, Plaintiff stated that he submitted a Step 1 grievance on November 17, 2025, had not received a response, could not yet begin the Step 2 appeal, and was seeking judicial relief before completion of that process because of the asserted emergency. (DE 1 at 5-6.) In the Complaint, dated November 26, 2025, Plaintiff again alleged that his requests to staff and Step 1 grievances had not been answered and that he therefore had not proceeded to Step 2. (DE 13 at 2-3.)

On December 11, 2025, the Magistrate Judge issued an Order Regarding Amendment identifying deficiencies in the Complaint and allowing Plaintiff an opportunity to amend. (DE 17.) The Magistrate Judge also issued the first Report, recommending denial of the Motion for Preliminary Injunction. (DE 18.) Plaintiff later filed a Motion for Temporary Restraining Order. (DE 20.) On December 17, 2025, the Magistrate Judge issued the second Report, recommending denial of that motion. (DE 23.) Plaintiff did not file specific objections to either of those Reports.

Plaintiff filed an Amended Complaint on December 19, 2025. (DE 26.) On December 30, 2025, the Magistrate Judge issued the third Report. (DE 33.) The third Report concluded, among other things, that Plaintiff's own allegations showed that he had filed suit before completing the SCDC grievance process. The Report also

identified alternative pleading deficiencies, including the absence of sufficiently specific allegations tying an identifiable individual defendant to the alleged constitutional violation. Plaintiff filed handwritten objections on January 8, 2026. (DE 35.)

## B.    Plaintiff's Later Motions

On May 15, 2026, Plaintiff filed a renewed Motion for Preliminary Injunction. (DE 38.) That filing alleges that a medical provider ordered an MRI and outside hospital evaluation in December 2025, but that the ordered evaluation still had not occurred. Plaintiff further alleges that he continued to experience severe pain, numbness, burning sensations, deformity, and loss of function. For the first time, he also states that he submitted a Step 2 grievance "in or around December 2025," that it was never returned, and that administrative response periods had expired. (DE 38 at 3.)

Plaintiff simultaneously filed a Motion to Compel Medical Treatment and for Sanctions, together with a supplemental notice and declaration. (DE 39.) Those materials repeat that an MRI and hospital evaluation were ordered but not provided and assert that Plaintiff's condition continued to worsen. Plaintiff asks the Court to order medical treatment and impose sanctions for continued noncompliance. No Defendant has been served, appeared, or been made subject to any prior medical-treatment order in this action.

On June 29, 2026, Plaintiff filed another emergency motion supported by a declaration under penalty of perjury. (DE 40.) That motion adds that Plaintiff was

4

told the MRI appointment had been marked as a "no show," although, according to Plaintiff, he was never notified, transported, or escorted to the outside appointment and could not attend independently. He again requests an order requiring the previously ordered MRI, an outside hospital evaluation, follow-up treatment, and expedited review.

## II.    LEGAL STANDARD

### A.    Objections

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## B.    Preservice Review and Exhaustion

The Court must screen a complaint filed by a prisoner seeking relief against a governmental entity or employee and must dismiss the complaint, or any portion of it, that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Although a *pro se* pleading is liberally construed, it must contain sufficient factual matter to state a facially plausible claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought" concerning prison conditions under 42 U.S.C. § 1983 or other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, and unexhausted claims may not be brought in court. *See Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002); *Jones v. Bock*, 549 U.S. 199, 211 (2007). Proper exhaustion requires compliance with the prison's procedural rules and completion of each step the process holds out. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Jones*, 549 U.S. at 218.

Failure to exhaust is an affirmative defense, and a prisoner ordinarily need not plead or prove exhaustion. *Jones*, 549 U.S. at 216. Preservice dismissal is nevertheless permissible in the rare case in which nonexhaustion is apparent from the face of the complaint. *See Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017); *Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017). An inmate must exhaust only remedies that are "available." *Ross v. Blake*, 578 U.S. 632, 642 (2016). A remedy is unavailable

when it operates as a dead end, is so opaque that an ordinary prisoner cannot navigate it, or is thwarted by official machination, misrepresentation, or intimidation. *Id.* at 643-44.

### III.    DISCUSSION

### A.    Failure to Exhaust Before Filing Suit

The third Report concluded that nonexhaustion was apparent from Plaintiff's own allegations. (DE 33 at 11-16.) Plaintiff's objections address the Report's assessment of the medical allegations, its treatment of factual issues, the denial of further amendment, and the recommendation against service. (DE 35.) They do not specifically challenge the Report's independent exhaustion analysis. The Court therefore reviews that portion for clear error. The result would be the same under de novo review.

Plaintiff's contemporaneous submissions establish the chronology. He submitted a Step 1 grievance on November 17, 2025. The next day, he signed his first request for federal emergency relief and stated that no Step 1 response had issued and no Step 2 appeal had been filed. In the Complaint dated November 26, 2025, he again alleged that the Step 1 grievance remained unanswered and that he had not been able to proceed to Step 2. Plaintiff's own allegations therefore establish that the prescribed administrative process remained incomplete when he submitted the Complaint.

The allegations then before the Court do not establish that the process was unavailable. Plaintiff acknowledged that Step 1 ordinarily took several weeks and

sought judicial intervention one day after submitting the grievance because he viewed his condition as an emergency. He did not allege that the process had reached a dead end, was so opaque that an ordinary prisoner could not use it, or had been thwarted by machination, misrepresentation, or intimidation. The PLRA permits no court-created emergency exception, and urgency alone does not excuse a failure to exhaust. *See Ross*, 578 U.S. at 639, 643-44.

The later assertion in DE 38 that Plaintiff submitted a Step 2 grievance "in or around December 2025" does not change the result. It is consistent with, rather than contrary to, the earlier allegation that no Step 2 grievance had been filed when Plaintiff submitted the Complaint. Even assuming Plaintiff later completed every available step, exhaustion during the pendency of an action does not cure a failure to exhaust before suit when the amended allegations concern the same underlying events. *See Germain v. Shearin*, 653 F. App'x 231, 234-35 (4th Cir. 2016) (affirming dismissal without prejudice where the administrative process necessarily remained pending when suit was filed); *Hardin v. Hunt*, No. 21-7195, 2023 WL 3969989, at *3 (4th Cir. June 13, 2023) (per curiam) (unpublished) (explaining that the cure for prefiling nonexhaustion is a new action filed after exhaustion, not amendment of the pending action).

Likewise, Plaintiff's allegation that the Step 2 grievance was not returned and that response periods later expired may bear on whether the process became unavailable at a later date. It does not retroactively change the undisputed state of the grievance process when Plaintiff brought this action. The prison must be afforded

an opportunity to address the asserted problem before being subjected to suit. *See Jones*, 549 U.S. at 219. Because Plaintiff sued before that opportunity had run its course, dismissal is required.

Dismissal will be without prejudice. Plaintiff remains free to file a new action concerning properly exhausted claims, including any properly exhausted claim arising from later events, subject to all applicable procedural requirements and defenses. Because amendment cannot cure prefiling nonexhaustion as to the same underlying claims, further leave to amend those claims in this action would be futile.

## B.     Plaintiff's Objections and Scope of the Ruling

Plaintiff objects that the third Report characterized his allegations as a mere disagreement over medical care and resolved factual and medical questions at the screening stage. He emphasizes the alleged deformity, persistent numbness, loss of movement, prolonged pain, and delay in ordered treatment. He also requests another opportunity to amend and issuance of process. (DE 35.)

The later filings add material specificity to Plaintiff's theory. Plaintiff now declares under penalty of perjury that a medical provider ordered an MRI and outside hospital evaluation, that the order was not carried out for months, and that the appointment was classified as a "no show" despite the absence of notice or transportation. Those assertions are materially different from an allegation that a prisoner merely preferred a different course of treatment. They also make the asserted risk of continuing or permanent injury more concrete.

The Court, therefore, declines to adopt any categorical conclusion that Plaintiff's allegations can amount only to disagreement with medical judgment. Nor does the Court decide whether the allegations in DE 38 through DE 40, if properly exhausted and pleaded against appropriate defendants with sufficient facts concerning personal knowledge and responsibility, could state an Eighth Amendment claim. The Court also does not resolve whether the alleged delay caused additional injury, whether the MRI remained medically indicated, or why the outside appointment was recorded as a "no show." Those matters are unnecessary to the disposition of this action.

The dispositive defect in this action is procedural: Plaintiff sued before exhausting the available grievance process. His objection concerning further amendment fails for the same reason because amendment cannot cure that prefiling defect as to the same underlying course of events. His request for service also fails because the action is subject to dismissal before service. Plaintiff's objections therefore do not warrant rejection of the third Report's recommended disposition and are overruled to that extent.

## C.      Requests for Preliminary and Emergency Relief

No specific objections were filed to the first or second Reports. The Court has reviewed each for clear error and adopts their recommended dispositions. A preliminary injunction is an extraordinary remedy. The movant must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent relief, (3) the balance of equities tips in his favor, and (4) an injunction is in

10

the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Pashby v. Delia*, 709 F.3d 307, 320-21 (4th Cir. 2013). Because Plaintiff seeks affirmative medical treatment that would alter the status quo, the requested injunction is mandatory in nature and calls for especially searching review. *See Pashby*, 709 F.3d at 319-20. Under the PLRA, any preliminary injunctive relief concerning prison conditions also must be narrowly drawn, extend no further than necessary to correct the harm the Court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. 18 U.S.C. § 3626(a)(2).

The later motions do not alter the result. DE 38 through DE 40 make Plaintiff's allegations of continuing symptoms, ordered diagnostic care, and potential permanent injury more substantial. But Plaintiff cannot establish a likelihood of success in this action because it was brought before exhaustion. Federal Rule of Civil Procedure 65(a)(1) also permits a preliminary injunction only on notice to the adverse party. No Defendant has been served or appeared, and the record does not show that any Defendant or counsel received actual notice of the requests. To the extent DE 40 seeks an ex parte temporary restraining order, it does not satisfy Rule 65(b)(1)(B). Although the filing includes a certificate of service, the certificate does not identify any adverse party or counsel to whom the motion was sent, and the filing does not explain why notice should be excused.

For those reasons, DE 38 and DE 40 will be denied without prejudice. That disposition does not adjudicate the medical merits of the later allegations and does not prevent Plaintiff from seeking appropriate relief in a properly filed and properly

11

exhausted action. The request in DE 40 for expedited consideration is moot because the Court resolves the motion in this Order.

DE 39 is styled as a motion to compel medical treatment and for sanctions. It is not a discovery motion. No Defendant has been served or ordered to provide treatment, and DE 39 identifies no discovery obligation, injunction, or other Court order that has been violated. The sanctions request, therefore, lacks a legal or factual basis and will be denied. To the extent DE 39 seeks the same affirmative medical relief requested in DE 38 and DE 40, that request will be denied without prejudice for the reasons already stated.

## IV.    CONCLUSION

After conducting de novo review of the specific objections and clear-error review of the unobjected-to portions of the Reports, and after considering the later motions and the entire record, the Court adopts the first and second Reports as to their recommended dispositions and adopts the third Report as modified by this Order. Plaintiff's objections are overruled to the extent they seek rejection of that disposition. The dismissal is without prejudice and rests on Plaintiff's failure to complete the available administrative process before filing suit; it is not a determination that a properly exhausted and properly pleaded claim based on the alleged medical delay would necessarily fail on the merits.

Accordingly, the Court ADOPTS the Reports at DE 18 and DE 23 as to their recommended dispositions and ADOPTS AS MODIFIED the Report at DE 33. It is therefore ORDERED that:

1.    Plaintiff's Motion for Preliminary Injunction (DE 1) is **DENIED**.

2.    Plaintiff's Motion for Temporary Restraining Order (DE 20) is **DENIED**.

3.    Plaintiff's objections (DE 35) are **OVERRULED** to the extent they seek rejection of the recommended disposition.

4.    This action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process for failure to exhaust available administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). Further leave to amend the same underlying claims in this action is **DENIED**.

5.    Plaintiff's renewed Motion for Preliminary Injunction (DE 38) is **DENIED WITHOUT PREJUDICE**.

6.    Plaintiff's Motion to Compel Medical Treatment and for Sanctions (DE 39) is **DENIED** as to sanctions, and the request for medical injunctive relief is **DENIED WITHOUT PREJUDICE**.

7.    Plaintiff's Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Relief (DE 40) is **DENIED WITHOUT PREJUDICE**, and the request for expedited consideration is **DENIED AS MOOT**.

8.    The Clerk is directed to enter a separate judgment under Federal Rule of Civil Procedure 58 and close the case.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 20, 2026

13

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that any notice of appeal must be filed with the Clerk of Court within thirty (30) days after entry of the judgment, subject to Rules 3 and 4 of the Federal Rules of Appellate Procedure.